

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County.Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. 0-4126

Re: Under the facts set forth
is it permissible to try
the case before some per-
son agreed upon between
the county attorney and
the defendant or his at-
torney? And related ques-
tions.

Your request for our opinion on the hereinabove cap-
tioned questions has been received by this department. We
quote from your letter as follows:

"Lee Itz, a resident citizen of Gillespie
County, Texas, but residing outside of the
limits of Justice Precinct No. 1 and also out-
side of the corporate limits of the City of
Fredericksburg, stands charged by complaint
filed in the Justice Court of Precinct No. 1,
of Gillespie County, Texas, with a game viola-
tion which occurred outside of the limits of
such city and precinct. The Justice of the
Peace has signified his disqualification in
this particular case on the ground of relation-
ship within the prohibited degree. There are
nine justice precincts in Gillespie County but
there is no Justice of the Peace other than
the one mentioned in such county, none other
having been elected or appointed.

"* * *.

Honorable Alex Jung, Page 2

## "QUESTIONS

"1.   The quoted statutes being inadequate
to deal with the situation presented under the
foregoing facts, is it permissible to try the
case before some person agreed upon between
the County Attorney and the defendant or his
attorney?

"2.   In the absence of an agreement, who
has the power and authority to appoint a special
justice to try the cause?

"3.   The Commissioners Court being possessed
of the power to fill vacancies by appointment
(Art. 2355), does such court also have the lesser
power to appoint a special justice to try the
particular cause?"

We note in your letter the statement that:   "There
are nine justice precincts in Gillespie County * * *."   We
respectfully call your attention to Article V, Section 18 of
the Texas Constitution which permits "not less than four and
not more than eight," justice precincts.

Article 552 of Vernon's Annotated Code of Criminal
Procedure reads as follows:

"Art. 552. (617) (606) Causes which dis-
                qualify

"No judge or justice of the peace shall sit
in any case where he may be the party injured, or
where he has been of counsel for the State or the
accused, or where the accused or the party injured
may be connected with him by consanguinity or af-
finity within the third degree."   (Underscoring
ours)

Article 553 of said Code provides for the selection
of a special district judge in the event the regular district
judge is disqualified in a criminal case.   Article 554 of said
Code provides for a special county judge where the regular coun-
ty judge is disqualified in a criminal case.

Article 558, Vernon's Annotated Code of Criminal Pro-
cedure, provides that:

Honorable Alex Jung, Page 3

"Art. 558. (624) (611) Justice disqualified

"If a justice of the peace be disqualified from sitting in any criminal action pending before him, he shall transfer the same to the nearest justice of the peace of the county who is not disqualified to try it." (Underscoring ours)

Article 2399, Vernon's Annotated Civil Statutes, provides for a special justice of the peace in civil cases only.

Where, as under the facts stated by you, there is only one justice of the peace in a county, and he is disqualified, we are unable to find any statutory authority for the selection or appointment of a special justice in a criminal case, either by agreement of the parties or otherwise.

Inasmuch as the Texas Constitution requires each county to be divided into justice court precincts, not less than four nor more than eight in number (Art. V, Sec. 18), it was no doubt anticipated by the Legislature that each county would have more than one justice of the peace and consequently a sufficient procedure provided for by Article 558, supra, where a justice of the peace is disqualified in a criminal case.

The fact that there is only one justice of the peace in the county, does not have the effect of authorizing the appointment of a special justice of the peace, either by agreement between the county attorney and defendant, or by the Commissioners Court or any one else. The only statutory authority for the trial in such a case is in accordance with the provisions of Article 558, supra. Judges can only be selected and commissioned to preside over a court as is provided by law and statutes providing for special judges must be strictly construed. Grogan vs. Robinson (Civ. App.), 8 S. W. (2d) 571, (error refused).

While Article 2355, Vernon's Annotated Civil Statutes, gives the Commissioners Court the power to fill a vacancy in the office of justice of the peace, it does not, in our opinion, give said court the power to appoint a special justice to try a particular case.

In view of the foregoing, we respectfully answer your three questions, under the facts stated, as follows:

587

1. It is not permissible to try the case before some person agreed upon between the county attorney and the defendant or his attorney.

2. We have been unable to find any statutory or constitutional authority authorizing the appointment of a special justice to try the particular case mentioned, and, therefore, no one has the power or authority to make such appointment.

3. Although the Commissioners Court has the power, under Article 2355, Vernon's Annotated Civil Statutes, to fill vacancies in the office of justice of the peace, said Article does not confer on said court the power to appoint a special justice to try the particular case mentioned.

Thanking you for the able brief submitted by you, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 27, 1947

Attorney General

By _Edgar Pfeil_
Edgar Pfeil
Assistant

EP:RS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN